[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10176
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02832-RAL-EAJ


BERNARD TOOMER,

Plaintiff- Appellant,

versus


CACI, INC. – FEDERAL,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 21, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Bernard Toomer appeals the summary judgment in favor of his former

employer, CACI, Inc. – Federal, and against his complaint that he was fired

because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e-2(a)(1), and the Florida Civil Rights Act, Fla. Stat. § 760.01. We affirm.

CACI contracts with the government to provide information technology services in the areas of defense, intelligence, and homeland security. Between 2000 and 2010, Science Applications International Corporation subcontracted with CACI to provide technology services to the Defense Information System Agency and its field offices around the world. In 2000, CACI hired Toomer, as a level three engineer, to work in Bahrain to evaluate and recommend products for the Agency to use in operating and maintaining the security of its global computer network systems.

In 2008, CACI assigned Toomer to a two-phase project in which he would move the network domain operations for the Agency from Bahrain to MacDill Air Force Base outside of Tampa, Florida, and then transition the Southwest Asia Promina Domain from a Transport technology to an Internet Protocol technology. During the project, Glenn Morefield, a project manager at CACI, supervised Toomer, while Anthony McFadden, a Division Chief for the Agency, oversaw Toomer's daily work. During the first phase of the project, McFadden was "disappointed with [Toomer's] performance and capabilities." On July 30, 2010, Stephen Gessling, an employee of Science Applications who served as a liaison between the Agency and CACI, sent an email to CACI reciting McFadden's

2

criticisms of Toomer's work; stating that Toomer lacked the skills necessary to work on the second phase of the project; and requesting that CACI remove Toomer from the project. In a later email, Gessling stated that McFadden disapproved strongly of Toomer's performance and that McFadden "rebuffed" Gessling's suggestions to "plac[e] Mr. Toomer in another position." Later, Toomer spoke with McFadden in his office. McFadden told Toomer that "we are getting rid of you" and that he had 30 days to seek other employment.

CACI removed Toomer from the project because the contract between Science Applications and CACI required it to "remove and replace any key-primary personnel or individual whose performance is determined by the Government to be so deleterious as to jeopardize successful performance of the Subcontract." CACI found Toomer another position as a level 2 engineer at Scott Air Force Base in Illinois, but Toomer declined the position because his salary would be decreased. Later, CACI sent Toomer a separation letter stating that he was fired "based on [his] inability to meet the work performance requirement in [his] current position"; that he was eligible to be rehired by CACI; and that a representative was available to help him find another position with CACI. Toomer signed the separation letter.

Toomer complained that CACI terminated him because he was African-American. CACI filed a motion for summary judgment to which it attached the

3

email sent by Gessling and a copy of Toomer's deposition during which he acknowledged that CACI had the limited options of giving him another position or firing him. Toomer argued in opposition that he was given positive performance evaluations by Morefield and that there was no evidence that he lacked the skills needed to perform the next phase of the project. Toomer argued that the reason given for his termination was pretextual because it was inconsistent with the enthusiastic praise he had received in his evaluations.

The district court entered summary judgment in favor of CACI. The district court ruled that Toomer could not establish a prima facie case of discrimination because he was not qualified to work on a project when CACI was contractually required to remove him at the request of the Agency. In the alternative, the district court ruled that Toomer failed to prove that the legitimate, race-neutral reason that CACI gave for the termination was a pretext for unlawful discrimination.

The district court did not err when it entered summary judgment against Toomer's complaint. To establish a prima facie case of unlawful discrimination under Title VII and under the Florida Civil Rights Act, Toomer had to establish that he was a member of a protected class; he was qualified to do the job; he was subjected to an adverse employment action; and he was treated less favorably than similarly situated individuals outside his protected class. *See Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012); *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d

4

1253, 1271 (11th Cir. 2010).  Toomer failed to establish that he was qualified to work on the project after the government demanded his removal from that project. Toomer argues that a genuine factual dispute exists about whether McFadden was dissatisfied because "[t]he only support for [his] observations comes from emails . . . [from] Gessling" and because "a reasonable argument can be made that Gessling pursued Toomer's removal and McFadden merely acquiesced to [that] decision," but Toomer failed to submit any evidence to substantiate these arguments.  *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion." (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995)).  The record establishes, without dispute, that McFadden, who is also African-American, told Toomer that he was being fired.  According to its contract, CACI was required to remove Toomer from the project at the request of the government and regardless of the positive evaluations that Toomer received from his supervisor at CACI.  And Toomer acknowledged that, when he declined to accept the other position offered by CACI, it had no alternative but to fire him. For the same reasons, even if we were to assume that Toomer established a prima facie case of discrimination, he failed to establish that the reason proffered for his termination was a pretext for discrimination.  *See Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir.2004) (holding that this Court may affirm the

5

district court's judgment on any ground that finds support in the record and affirming when plaintiff established a prima facie case but failed to establish pretext).

We **AFFIRM** the summary judgment in favor of CACI.